WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By: LORI A. LEWIS
Deputy County Attorney
State Bar No. 019285
MCAO Firm No. 00032000
E-mail: LewisL01@mcao.maricopa.gov

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004-2206
Telephone (602) 506-8017

*Attorneys for Maricopa County Treasurer*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In Re:<br><br>Judith V. Brown,<br><br>Debtor. | Case No. 2:12-bk-11597-GBN<br><br>Chapter 11 Proceedings<br><br>**OBJECTION TO FOURTH AMENDED PLAN OF REORGANIZATION OF DEBTOR-IN-POSSESSION**<br><br>Hearing Date: April 17, 2014<br>Hearing Time: 9:30 a.m.<br><br>**[Relates to Docket No. 182]** |

Maricopa County Treasurer ("MCT"), a secured tax lien creditor, by and through its undersigned counsel, hereby objects to confirmation of the *Fourth Amended Plan of Reorganization of Debtor-in-Possession* filed on February 26, 2014 (the "Plan"). MCT objects to confirmation of the Plan as it (1) appears to incorrectly provide for payment of the MCT Prepetition Tax Claim (defined below) as a priority tax claim rather than a secured tax claim, (2) fails to include a provision that MCT shall retain its liens for

unpaid property taxes until such time as the taxes and any related interest is paid in full, and (3) fails to provide for the accrual of interest at the statutory rate.

**1. MCT's Prepetition Claims:**

On November 8, 2012, MCT filed a secured proof of claim (the "MCT Prepetition Tax Claim") in the amount of $132,733.15 representing 2007-2012 real property taxes due on twelve (12) parcels. Interest accrues on the MCT Tax Claim at the statutory rate of 16% per annum, if not timely paid. *See* 11 U.S.C. § 511 and A.R.S. §§ 42-18053 and 42-18153(B). Of the twelve (12) original parcels, only five (5) remain in the possession/control of the Debtor. The pre-petition taxes currently due on these parcels is approximately $25,500.

**2. MCT's Post-petition Administrative Claims:**

In addition, on January 1 of 2013 and 2014, real property tax liens attached to any property in Maricopa County owned by the Debtor to secure payment of real property taxes due for the respective tax years of 2013 and 2014. A.R.S. § 42-17153. The 2013 real property taxes were liquidated on or around September 1, 2013. The 2014 real property taxes will be liquidated in amount around September 1, 2014. The 2013 and 2014 taxes constitute secured administrative expenses. 11 U.S.C. § 503(b)(1)(B). MCT is not required to file a request for payment of an expense described in subparagraphs (B) or (C), as a condition of its being an allowed administrative expense. 11 U.S.C. § 503(b)(1)(D).

The 1st half of the 2013 tax, in the approximate amount of $6,700, was due and payable on October 1, 2013. The 2nd half of the 2013 tax was due and payable on March 1, 2014 and will be delinquent if not paid by 5:00 p.m. on May 1, 2014. The confirmation hearing is set for April 17, 2014. Assuming the Plan is confirmed on April

17th, the Effective Date would presumably occur on May 17, 2014. Therefore, any unpaid 2013 taxes will be required to be paid in full on the Effective Date of the Plan.

The 2014 taxes shall be due and payable as they become due. The 1st half of 2014 will be due on October 1, 2014 and the 2nd half will be due on March 1, 2015.

**3. No Provision for MCT's Prepetition Tax Claim**:

The Plan appears to incorrectly treat the MCT Prepetition Tax Claim as an Unsecured Priority Tax Claim. MCT's claim for real property taxes is secured under Arizona law, but the Plan incorrectly provides for treatment of the property taxes as priority taxes under Class 1E. Plan, p. 13. Further, MCT's Prepetition Tax Claim includes tax years that would not qualify as priority taxes under 507(a)(8). The Plan should treat MCT's Prepetition Tax Claim as a Class 2 Secured Claim.

**4. No Provision for Lien Retention**:

Arizona law grants Maricopa County valid liens that are "prior and superior to all other liens and encumbrances on the property." *See* A.R.S. § 42-17153. Article X, Section 4 of the Plan provides lien retention for Allowed Secured Claims. However, the Plan treats real property taxes as unsecured priority tax claims and therefore fails to adequately provide for the retention of the tax liens. The Plan should include a provision for the retention of MCT's property tax liens securing the payment of the MCT Prepetition Tax Claims and any post-petition administrative tax claims.

**5. Post-Petition Interest**:

The Plan fails to provide for the accrual of post-petition statutory interest on the MCT Prepetition Tax Claim. The Debtors are required to pay MCT (a) its entire secured claim and (b) post-petition interest on its secured claim until the claim is paid in full. *See* 11 U.S.C. §§ 506, 511, 1129(a)(7) and 1129(a)(9). Instead, the Plan impermissibly

attempts to provide for interest at the Tax Claim Rate, which has not been determined, and states that the Debtor will request the Court to determine that the Tax Claim Rate is five percent (5%) per annum.

Real property tax obligations are first priority, secured obligations. A.R.S. § 42-17153. There is no dispute that the properties securing the MCT Prepetition Tax Claims are worth more than the amount of the respective claims. MCT is therefore entitled to interest on the MCT Prepetition Tax Claims pursuant to 11 U.S.C. §506(b) as an oversecured creditor. 11 U.S.C. §511 requires that the interest rate be the Arizona statutory rate. The Arizona Revised Statutes provide that all taxes bear interest from the date of delinquency at the rate of 16% per annum. A.R.S. § 42-18053. Therefore, the Plan should provide for the accrual of 16% interest on the MCT Prepetition Tax Claims and any administrative expense claims.

Based on the foregoing, Maricopa County respectfully requests that the Court deny confirmation of the Plan unless Debtor further amends the Plan to (1) provide for payment of the MCT Prepetition Tax Claim as a Secured Tax Claim, (2) include a provision for the retention of MCT's tax liens securing the MCT Prepetition Tax Claim and any post-petition administrative tax claims, and (3) provide for the accrual of post-petition statutory interest on the MCT Prepetition Tax Claim and any post-petition administrative tax claims.

RESPECTFULLY SUBMITTED this 10th day of April, 2014.

    WILLIAM G. MONTGOMERY
    MARICOPA COUNTY ATTORNEY

    BY: */s/ Lori A. Lewis*
        LORI A. LEWIS
        Deputy County Attorney
        *Attorney for Maricopa County Treasurer*

ORIGINAL of the foregoing E-FILED
this 10th day of April, 2014, with:

Clerk, United States Bankruptcy Court
District of Arizona
230 N. First Avenue, Suite 101
Phoenix, Arizona, 85003-1706

COPY of the foregoing mailed/e-mailed,
this 10th day of April, 2014, to:

U.S. Trustee's Office
230 N. First Ave., Ste. 204
Phoenix, AZ 85003-1706
Email: USTPRegion14.PX.ECF@USDOJ.GOV

Adam E. Hauf
THE LAW OFFICE OF ADAM HAUF
5400 West Northern Avenue, Suite 110
Glendale, AZ 85301
Email: adam@hauflaw.com
*Attorneys for Debtor*

*/s/ Marcy Delgado*

S:\CIVIL\CIV\Matters\BK\2012\BK12-11597 Brown\Obj Fourth Amd Plan 12-11597.docx